Magistrate Judge Weinberg

FILED ENTERED
LODGED RECEIVED

MAR 30 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>RAYMOND LEE FRYBERG, JR.<br>Defendant. | CASE NO. MJ15-129<br><br>COMPLAINT for VIOLATION<br><br>Title 18, U.S.C. Section 922(g)(8) |

BEFORE, John L. Weinberg, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

**COUNT ONE**

**(Unlawful Possession of a Firearm by Prohibited Person)**

Between on or about January 11, 2013 through on or about October 24, 2014, at Tulalip, within the Western District of Washington, RAYMOND LEE FRYBERG, JR. who was subject to a court order meeting the requirements of Title 18, United States Code, Section 922(g)(8)(A)-(C), that is, an Order for Protection issued on September 10, 2002, by the Tulalip Tribal Court for the Tulalip Tribes of Washington, case number TUL-TRO-8/02-415, did possess a firearm, to wit: a Beretta, model PX4 Storm, bearing



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

serial number PZ72254, that had been previously shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(8).

And the complainant states that this Complaint is based on the following information:

1. I, Neil Rogers, am a Special Agent with the Federal Bureau of Investigation (FBI). I have been a Special Agent of the FBI for over 18 years. During that time, I have participated in numerous criminal investigations to include violent crimes and crimes on Indian Reservations. I am currently assigned to the Everett Resident Agency of the Seattle Field Office. The majority of my casework is related to crimes within Indian Country, that is, within the tribal trust land and exterior boundaries of an Indian reservation.

2. This affidavit is based upon my investigation, the investigation of officers assigned to the Snohomish County Multi-Agency Response Team (SMART Team), and officers of the Tulalip Tribal Police Department. This affidavit is written in support of a criminal complaint against RAYMOND LEE FRYBERG JR. (FRYBERG). Because this affidavit is made for the limited purpose of establishing probable cause, I have not listed each and every fact known to me concerning the investigation.

**Protection Order**

3. During 2001 FRYBERG was involved in an intimate partner relationship with J.G. FRYBERG and J.G. have a child in common, A.G., born on xxxxx, 2001.

4. On August 19, 2002, J.G. applied for a temporary order for protection in the Tulalip Tribal Court located in Marysville, Washington. In her petition, J.G. alleged that FRYBERG had recently threatened her and had in the past physically assaulted her by hitting, slapping and/or pulling her hair.

5. On August 19, 2002, the Tulalip Tribal Court for the Tulalip Tribes of Washington issued a temporary order for protection against FRYBERG under case



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

number TUL-TRO-8/02-415. A hearing was scheduled for August 27, 2002, to determine whether to issue a permanent order for protection.

6. On August 27, 2002, the Tulalip Tribal Court issued a second temporary order for protection against FRYBERG and scheduled a hearing for September 10, 2002, to determine whether to issue a permanent order for protection.

7. On August 27, 2002, Tulalip Police Officer Jesus Echevarria personally served FRYBERG with the temporary order for protection. The temporary order for protection provided notice to FRYBERG of the hearing scheduled for September 10, 2002. The purpose of the hearing was to provide an opportunity for FRYBERG and J.G. to present their respective positions as to whether a permanent order of protection should issue.

8. On September 10, 2002, the Tulalip Tribal Court held a hearing to determine whether to issue a permanent Order for Protection against FRYBERG. Following that hearing, the Court issued a permanent order. The Court found that FRYBERG "committed domestic violence as defined in RCW 26.50.010"[1] and therefore restrained FRYBERG from "causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking (the) petitioner (and) the minors named in the table above."

9. The order was "permanent" with no expiration date. The order stated "[i]f the duration of this order exceeds one year, the court finds that an order of less than one year will be insufficient to prevent further acts of domestic violence."

10. On September 10, 2012, FRYBERG entered a plea of no contest to the charge of violation of the permanent Order for Protection in Tulalip Tribal Court. This

---

[1] RCW 26.50.010 defines "domestic violence" to mean (a) physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault, between family or household members; (b) sexual assault of one family or household member by another; or (c) stalking as defined RCW 9A.46.110 of one family or household member by another family or household member.

RCW 25.50.010(2) defines "family or household members" to include "persons who a child in common regardless or whether they have been married or have lived together at any time."



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

violation of the Order had occurred on or about March 28, 2012. The Tulalip Tribal Court sentenced FRYBERG to a fine of $2,500 of which $2,300 was suspended, a jail term of 180 days which also suspended, and placed on probation for 12 months. Additionally, FRYBERG was ordered to comply with the Order for Protection in case number TUL-TRO-8/02-415. FRYBERG signed the Defendant's Acknowledgment on the Judgment and Sentence, wherein he agreed to comply with all terms of the judgment and sentence, including probation and compliance with the Order for Protection.

**Purchase of Firearms**

11. Cabela's is a Federal Firearms License (FFL) holder with a retail location located at 9810 Quil Ceda Blvd., Tulalip, Washington, 98271. The physical location of the business is located within the exterior boundaries of the Tulalip Indian Reservation and sits on tribal trust land.

12. When an FFL sells a firearm, the purchaser is required to fill out a ATF Form 4473. FFL's are required to maintain all 4473 forms. Additionally, an FFL must report every handgun sold to the firearms section of the State of Washington Department of Licensing (DOL). DOL maintains records of all handguns sold in the State based upon the reports filed by the FFL. A separate Washington State pistol transfer form is completed when a handgun is purchased in the State of Washington from a licensed dealer. This form includes information about the purchaser, the firearm, and the identity of the dealer who sold the firearm and sale date. A copy of the form is mailed to DOL and to the local law enforcement agency where the firearm purchaser resides.

13. Between on or about January 11, 2013, through on or about July 31, 2014, FRYBERG purchased five firearms from Cabela's on Quil Ceda Blvd.

14. For each purchase FRYBERG provided Washington State driver's license number FRYBERxxxxx as government identification to complete the purchase. FRYBERG also completed ATF Form 4473. Section A, question 11.h of ATF Form 4473 requires purchasers to answer the following question: "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

partner or child of such partner?" FRYBERG marked "no" to this question for the 4473 Form that he completed for each of the five firearms purchased at Cabela's.

15. FRYBERG signed the certification of ATF form 4473 which reads, in part:

> I certify that my answers to Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473... I understand that a person who answers "yes" to any of the questions 11.b. through 11.k. is prohibited from purchasing or receiving a firearm... I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law.

16. The permanent Order for Protection issued against FRYBERG by the Tulalip Tribal Court on for which he was convicted for violating on September 10, 2012, was still in effect at the time he purchased the five firearms from Cabela's.

17. Specifically on January 11, 2013, FRYBERG purchased a Beretta PX4 Storm .40 S&W pistol, serial number PZ72254 at Cabela's on Quil Ceda Blvd. As part of the purchase, FRYBERG filled out ATF form 4473 and answered "no" to the question 11.h in Section A, which asked whether he was subject to a court order restraining him from harassing, stalking, or threatening his child or intimate partner. On January 23, 2013, the Beretta PX4 Storm pistol was transferred to FRYBERG by Cabela's employee Jacob Bruns and FRYBERG took possession of the Beretta on the same day.

18. In October 2014, and specifically on October 24, 2014, the 15 year old Jaylen Fryberg was living with his father, RAYMOND LEE FRYBERG Jr., and his mother and brother on the Tulalip Indian Reservation. On October 24, 2014, law enforcement investigators with Snohomish County responded to school shooting at Marysville-Pilchuck High School in Marysville, Washington. The investigators recovered the Beretta PX4 Storm firearm – the same pistol purchased by FRYBERG in January 2013 – at the scene of the shooting. The investigation of the shooting revealed that Jaylen Fryberg had used the Beretta PX4 Storm firearm in the shooting of five teenagers, four of whom later died and one survived. Jaylen Fryberg also died from self-inflicted gunshot wounds.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. Cabela employee Jacob Bruns later told investigators that when he heard the news accounts of the school shooting, he recognized the Fryberg name and suspected that the firearm used in the shooting was the Beretta purchased by FRYBERG.

20. Following the shooting at Marysville High School, investigators went to FRYBERG's residence and received consent to search Jaylen Fryberg's room. In the room the investigators saw a large gun safe which was locked. Investigators did not know at that time that FRYBERG was a prohibited person with an order of protection against him and therefore, did not look inside the locked gun safe.

21. On March 26, 2015, Beretta U.S.A. Technical Representative Stern advised me that the Beretta PX4 Storm pistol bearing serial number PZ72254 was manufactured in the Beretta manufacturing facility located in Accokeek, Maryland.

Based on the above facts, I respectfully submit that there is probable cause to believe that RAYMOND LEE FRYBERG, JR. did unlawfully possess a firearm in violation of Title 18, United States Code, Section 922(g)(8).

NEIL ROGERS, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the RAYMOND LEE FRYBERG, JR. committed the offense set forth in the Complaint.

Dated this 30 day of March, 2015.

JOHN L. WEINBERG
United States Magistrate Judge



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970